James STIEBER, Plaintiff,

v.

SIGNAL DELIVERY SERVICE, INC., Truck Drivers Union, Local 407, Defendants.

No. 1:90CV0700.

United States District Court, N.D. Ohio, E.D.

March 18, 1991.

Alan S. Belkin, Shapior, Turoff, Gisser & Belkin, Cleveland, Ohio, for plaintiff.

Daniel Zeiser, Allport & Miller, Cleveland, Ohio, Sorrell Logthetis, Logothetis & Pence, Dayton, Ohio, for defendants.

## MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

KRENZLER, District Judge.

The above-captioned matter was commenced when the plaintiff, James Stieber, filed his complaint against the following defendants: (1) his employer at all times relevant to this matter, Signal Delivery Service, Inc. ("employer" or "Signal") and (2) his union at all times relevant to this matter, Truck Drivers Union, Local 407 ("union"). The complaint alleged that section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, was violated when the defendant union breached its duty of fair representation and the defendant employer breached the collective bargaining agreement. Each defendant filed a separate answer in the form of a general denial.

Each defendant subsequently filed a motion for summary judgment. The plaintiff responded, and each defendant then replied to the plaintiff's response.

## I.  FACTUAL BACKGROUND

The facts material to the disposition of this case are undisputed.

At all times relevant to this matter, the plaintiff was employed by defendant Signal and was a member of defendant union. In 1968, the plaintiff was hired by the predecessor of defendant Signal. The plaintiff began his employment as a home delivery driver, making home deliveries for Sears, Roebuck & Company in the Cleveland, Ohio, area.

In the 1970's, defendant Signal had both a home delivery unit and a local cartage unit operating in the Cleveland area. Each unit operated independently of the other and had a separate seniority list. There was a practice under the collective bargaining agreement between the defendants whereby an employee from home delivery or local cartage could transfer to the other unit to fill an opening. A transferring employee would stay at the bottom of the seniority list for one year and one day. After one year and one day, the employee's previous seniority date—generally, his date of hire—would be reinstated.

In early 1980, defendant Signal went through what is called a change of operations pursuant to the collective bargaining

agreement. Under the change of operations, Signal began a third delivery unit in the Cleveland area known as the over-the-road unit. The new unit was comprised of drivers brought to the Cleveland area from Columbus, Ohio. After this change of operation, Signal maintained three separate units each with its own seniority list, namely, home delivery, local cartage, and over-the-road.

At this time, the Change of Operations Committee addressed a grievance in *Local 407 v. Signal Delivery*, Case No. 767. The Committee held that an employee transferring from local cartage to over-the-road would enjoy the year-and-a-day seniority rule. However, an employee transferring from home delivery to over-the-road would not be eligible for the year-and-a-day benefit, and his date of transfer would become his seniority date. This was done in an effort to protect the over-the-road drivers who were brought up from Columbus.

In 1982, the Change of Operations Committee heard two additional grievances involving an employee's seniority date when he transferred from home delivery to over-the-road, namely, *Local 407, Cleveland v. Signal Delivery*, Case No. 295 and *Local 407, Cleveland v. Signal Delivery*, Case No. 296. In each of these cases, the grievance committee held that a home delivery driver who transferred to over-the-road had the date of his transfer as a seniority date. Again, the committee stated that this distinction has been made to protect the over-the-road drivers who moved to Cleveland from Columbus.

On January 31, 1983, the plaintiff transferred from home delivery to over-the-road, and the date of his transfer became his seniority date. The plaintiff subsequently filed three grievances before the Change of Operations Committee involving his seniority date in the over-the-road unit. The grievances were *Local 407, Cleveland v. Signal Delivery*, Case No. 209, *Local 407, Cleveland v. Signal Delivery*, Case No. 210, and *Local 407, Cleveland v. Signal Delivery*, Case No. 211. However, the Change of Operations Committee determined that it was not the appropriate com-

mittee to address the plaintiff's grievances because no change of operations was involved.

The grievances were referred to a sub-committee of the Motor Carrier Labor Advisory Council ("MCLAC") and became Case No. LC–85–31. The sub-committee met and heard testimony, deciding that any home delivery driver who voluntarily transferred to the over-the-road unit had the date of his transfer as his seniority date.

The plaintiff pursued this matter further when he filed three more grievances with the Ohio State Joint Committee of the MCLAC, *Local 407, Cleveland v. Signal Delivery*, Case Nos. OTR–87–230, OTR–87–231, and OTR–87–232. In each of these cases, the plaintiff argued that a previous decision by this Committee, namely, Case No. OTR–86–282; July 1986 ("July 1986 decision"), entitled him to have his seniority changed from the date of his transfer to the date of his hire. In each of the three grievances, the Ohio State Joint Committee declined to do as the plaintiff had grieved. Consequently, the plaintiff's seniority date remained the date of his transfer to the over-the-road unit.

On September 29, 1989, the Change of Operations Committee met to address another proposed change of operations. At this meeting, the plaintiff raised the issue of his seniority date, arguing that he was entitled to have his date of hire as his seniority date because of Case No. OTR–86–282; July 1986. The Committee took this under consideration and declined to make any change.

The plaintiff was laid off from his employment with defendant Signal. The lay-offs were made based on the seniority date of a given employee, i.e., the employee with the least seniority is laid off first and continuing in this fashion.

## II. DISPOSITION

▉ Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The moving party can meet its burden by demonstrating the absence of

a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Should the moving party meet its burden, the non-moving party "must come forward with specific facts showing that there is a genuine issue for trial." *Matusushita Electrical Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Where, taking the record as a whole, reasonable minds can come to but one conclusion, there is no genuine issue of fact, and summary judgment may be granted. *Id.; Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether there exists a genuine issue of fact for trial, the Court must view the facts in a light most favorable to the non-moving party. *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (*per curiam*). Further, summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an essential element of his case. In such a situation, "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element necessarily renders all other facts immaterial." *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2552. It is within this legal framework that the Court has granted the defendants' motions for summary judgment.

In his complaint, the plaintiff has alleged that the defendant union breached its duty of fair representation in a number of ways. First, the union acted arbitrarily and perfunctorily by failing to recognize the following decision as a final determination: the Ohio State Joint Committee of the MCLAC, Case No. OTR–86–282; July 1986. The plaintiff argues that had the union presented this decision on behalf of the plaintiff, the results of the grievance procedures would have been different. Second, the union failed to present the July 1986 decision on behalf of the plaintiff and, accordingly, breached its duty of fair representation.

Also, the plaintiff has alleged that defendant Signal has breached the collective bargaining agreement by failing to recognize the plaintiff's seniority date as his date of hire.

In each motion for summary judgment, the defendants argued that they were entitled to judgment as a matter of law because the plaintiff has not met its burden of establishing both that the defendant union has breached its duty of fair representation and that Signal has breached the collective bargaining agreement. In particular, the defendant union argued that it did not breach its duty of fair representation by failing to recognize the following decision as a final determination. Nor did it breach its duty failing to present the July 1986 decision on behalf of the plaintiff. Signal contended that it did not breach the collective bargaining agreement in adhering to the grievance committee decisions which established that the plaintiff's seniority date was his date of transfer.

The plaintiff responded that the defendant union acted arbitrarily and treated the plaintiff's grievance perfunctorily by failing to present the July 1986 decision on behalf of the plaintiff and by failing to treat the July 1986 decision as a final determination.

■ In a hybrid suit under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to recover against either the union or his employer, the plaintiff must demonstrate that the union breached its duty of fair representation and that the employer violated the collective bargaining agreement. Unless the plaintiff demonstrates both, he can not succeed against either party.

■ A union can breach its duty of fair representation only when the union conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith. *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). A union's conduct may be sufficiently arbitrary to establish a breach of its duty when it handles a grievance in a perfunctory manner, with caprice or without rational explanation. *Id.* at 194, 87 S.Ct. at 918. Demonstrating mere negligence or

mistaken judgment is insufficient to demonstrate that a union has breached its duty. Where it can not be established that the union breached its duty, a plaintiff's § 301 claim will necessarily fail.

██ The plaintiff has not met its burden of demonstrating that the union has breached its duty of fair representation. The plaintiff has submitted no evidentiary materials showing that the union acted arbitrarily or in a discriminatory manner nor has he shown that a reasonable person could conclude that the union treated the plaintiff perfunctorily, capriciously, or irrationally.

Further, the defendant union's failure to present the July 1986 decision on behalf of the plaintiff does not amount to a breach of its duty of fair representation. The plaintiff argued that had the union presented the July 1986 decision on behalf of the plaintiff, the results of the grievance procedures would have been different. However, in each of the plaintiff's three grievances before the Ohio State Joint Committee of the MCLAC, namely, Case Nos. OTR–87–230, OTR–87–231, and OTR–87–232, the Committee's minutes reflect that the Committee was aware of the July 1986 decision and considered this decision when ruling on the plaintiff's grievances. Further, the plaintiff has submitted nothing to rebut this proposition. Since the Committee was aware of the July 1986 decision and presumably able to make an informed decision, the union's failure to present the 1986 decision does not amount to a breach of its duty of fair representation. Had the Committee not had independent knowledge of the July 1986 decision, a genuine issue of material fact would exist as to whether the union's failure to present amounted to a breach of the duty of fair representation.

The second prong of the plaintiff's argument is that the union breached its duty by not recognizing the July 1986 decision as a final determination. Although the plaintiff was not a party to the July 1986 decision, he argued that the union should have recognized the plaintiff's seniority as the date of his hire because of the holding in the July 1986 decision of the Ohio State Joint Committee, and this failure amounted to a breach of the duty of fair representation. When the plaintiff grieved to the Ohio State Joint Committee, he raised the same issue addressed in the July 1986 decision. The Committee ruled against the plaintiff. In each of his three grievances before the Committee, the plaintiff raised the argument that the July 1986 decision entitled him to a different seniority date, the Committee again denied each of his three claims. Since the Committee was aware of the July 1986 decision and presumably able to make an informed decision, the union's failure to recognize the 1986 decision does not amount to a breach of its duty of fair representation.

The plaintiff has the burden of demonstrating both that the union breached its duty of fair representation and that the employer violated the collective bargaining agreement. The failure to demonstrate one of these two requirements is necessarily dispositive of the plaintiff's § 301 claim. As the plaintiff has failed to demonstrate that there is a genuine issue as to whether the defendant union breached its duty of fair representation, the plaintiff's § 301 claim must fail.

Also, the defendant argued that the plaintiff had not filed the matter within the appropriate statute of limitations; however, the Court decides not to reach this issue as it has addressed the merits of the defendants' motions for summary judgment.

As no genuine issue of material facts exists as to whether the union breached its duty of fair representation, the defendants' motions for summary judgment are granted, and judgment will be entered in favor of the defendants, Signal and Local 407, and against the plaintiff, James Stieber.